UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMUTER RAIL DIVISION OF THE REGIONAL TRANSPORTATION AUTHORITY,<br><br>*Defendant*. | Case No. 1:25-cv-10785<br>Hon. Franklin U. Valderrama |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

I. **Nature of the Case**

   A. **Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

Plaintiff**:**

   Bruce R. Braun (lead trial attorney), Charles K. Schafer, Andrew F. Rodheim

   Raymond A. Atkins (*pro hac vice*), Tobias S. Loss-Eaton (*pro hac vice*), Ogemdi Maduike (*pro hac vice*)

Defendant**:**

   Matthew Madden (lead trial attorney)

   Paul W. Hughes (*pro hac vice*), Mary H. Schnoor (*pro hac vice*), Emmett Witkovsky-Eldred (*pro hac vice*)

   B. **State the basis for federal jurisdiction.**

   This Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). Union Pacific is a Delaware corporation with its principal place of business in Omaha,

1

Nebraska. Metra is an Illinois municipal corporation with its principal place of business in Chicago, Illinois. The amount in controversy exceeds $75,000.

### C. Provide a short overview of the case in plain English (five sentences or less).

For decades, Union Pacific contracted to provide commuter rail service on Metra's behalf on three Union Pacific-owned rail lines; that contract (the "Purchase of Service Agreement" or "PSA") was set to expire on June 30, 2025. The parties were unable to negotiate a replacement agreement, and in March 2025 Metra sought relief before the Surface Transportation Board. In June 2025, during the pendency of the STB proceeding, Union Pacific issued the Condition of Entry ("COE"), purporting to identify the terms on which Metra could continue using its rail lines after the PSA expired. Metra rejected the COE and stated that it would not be bound by it; Metra continued to use Union Pacific's tracks on July 1; Metra continued to compensate Union Pacific for its use of UP's lines at an amount equivalent to the pre-existing level; and, on September 3, 2025, the STB granted statutory trackage rights to Metra for use of UP's lines. This dispute addresses whether the COE determines the amount of compensation Metra owes to Union Pacific for use of the Union Pacific lines between July 1 and September 3, 2025.

### D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Union Pacific asserts four claims:

- Declaratory judgment, seeking a ruling the COE was a binding contract as of July 1, 2025;

- Breach of contract, seeking damages for Metra's failure to pay the full compensation owed under the COE for July and August 2025;

- Declaratory judgment, seeking a ruling that Metra is estopped from denying the COE's validity; and

- In the alternative, unjust enrichment/quantum meruit.

### E. What are the principal factual issues?

Metra has not yet answered the complaint, so the extent of any factual disputes is unclear.

### F. What are the principal legal issues?

1) Whether the COE was an enforceable contract starting on July 1, 2025, such that Metra has breached the COE by failing to pay the full compensation owed thereunder.

2) Alternatively, whether Metra is unjustly enriched by compensating Union Pacific pursuant to the preexisting level.

    **G. What relief is the plaintiff(s) seeking? Quantify the damages, if any.**

Union Pacific seeks declaratory relief and money damages in the amount of overdue compensation under the COE, plus interest. Metra now owes Union Pacific $4,396,761.74 in unpaid compensation.

    **H. Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.**

Yes. Metra was served on September 16, 2025. There are no other defendants.

**II. Discovery**

    **A. Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. Fill in the blanks, below.**

There is currently a motion to dismiss or, in the alternative, to stay pending in this case. The parties agree that discovery should not proceed until the motion to dismiss is resolved.

    **B. How many depositions do the parties expect to take?**

As noted above, the parties agree that discovery should not proceed until the motion to dismiss is resolved. Once the motion is resolved, the parties will mutually agree upon the scope of discovery, including this question.

    **C. Do the parties foresee any special issues during discovery?**

As noted above, the parties agree that discovery should not proceed until the motion to dismiss is resolved. Once the motion is resolved, the parties will mutually agree upon the scope of discovery, including this question.

    **D. Rule 26(f)(2) requires the parties to propose a discovery plan. See Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. See Fed. R.**

        **Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?**

Same as above.

## III. Trial

    **A. Have any of the parties demanded a jury trial?**

    No.

    **B. Estimate the length of trial.**

    The parties estimate one week, subject to change as established by discovery.

## IV. Settlement, Referrals, and Consent

    **A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)**

The partes have had settlement discussions related to broader issues in dispute regarding Metra's use of Union Pacific's lines for commuter service. The issues raised in this lawsuit are one of the many issues subject to these ongoing settlement discussions. However, the parties have not specifically engaged in settlement discussions regarding the issues raised in this case.

    **B. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

No.

    **C. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

No.

V. **Other**

    A. **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

Nothing at this time.

    B. **Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)**

Nothing at this time.

| | |
|---|---|
| */s/ Bruce R. Braun* | */s/ Paul W. Hughes* |
| Bruce R. Braun | Paul W. Hughes (pro hac vice) |
| Charles K. Schafer | Mary H. Schnoor (pro hac vice) |
| Andrew F. Rodheim | Emmett Witkovsky-Eldred (pro hac vice) |
| SIDLEY AUSTIN LLP | MCDERMOTT WILL & SCHULTE LLP |
| 1 South Dearborn | 500 North Capitol Street NW |
| Chicago, Illinois 60603 | Washington, DC 20001 |
| 312-853-7000 | (202) 756-8000 |
| bbraun@sidley.com | phughes@mwe.com |
| cschafer@sidley.com | |
| arodheim@sidley.com | Matthew Madden |
| | MCDERMOTT WILL & SCHULTE LLP |
| Raymond A. Atkins (*pro hac vice*) | 444 West Lake Street |
| Tobias S. Loss-Eaton (*pro hac vice*) | Chicago, IL 60606-0029 |
| Ogemdi Maduike (*pro hac vice*) | (312) 984-3273 |
| SIDLEY AUSTIN LLP | mmadden@mwe.com |
| 1501 K Street NW | |
| Washington, DC 20005 | *Counsel for Defendant Commuter Rail* |
| 202-736-8000 | *Division of the Regional Transportation* |
| ratkins@sidley.com | *Authority, d/b/a Metra* |
| tlosseaton@sidley.com | |
| oge.maduike@sidley.com | |
| | |
| *Counsel for Plaintiff* | |
| *Union Pacific Railroad Company* | |