**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br>*Plaintiff*,<br>v.<br>COMMUTER RAIL DIVISION OF THE REGIONAL TRANSPORTATION AUTHORITY,<br>*Defendant*. | No. 1:25-cv-10785<br>Hon. Franklin U. Valderrama |

# UNION PACIFIC'S OPPOSED MOTION TO LIFT THE STAY OF DISCOVERY

The Court should lift the agreed stay of discovery that it entered pending the resolution of Metra's motion to dismiss or stay this case (Dkt. 35) because the Eighth Circuit's decision in *Union Pacific Railroad v. STB*, --- F.4th ----, 2026 WL 2564829, at *1 (8th Cir. Aug. 31, 2026), has mooted (or simply gutted) Metra's motion by vacating the underlying agency order.

1. Union Pacific brought this case in September 2025, seeking damages for Metra's refusal to pay full compensation for using Union Pacific's Chicago-area rail lines. For many years, Metra service on Union Pacific's lines was governed by a private contractual arrangement, but that contract expired on June 30, 2025. To enable Metra to keep operating, Union Pacific issued the Condition of Entry (COE), which set various basic terms, including requiring market-level compensation.

2. The COE provided that Metra would accept and be bound by these terms if it kept using Union Pacific's lines after midnight on June 30. Knowing this, Metra did so. Yet it failed to pay the compensation set in the COE, instead paying the lesser amounts it *would have owed* under the outdated, now-expired contract. Union Pacific thus brought these contractual and

equitable claims under Illinois law seeking the balance of compensation owed. *See* Compl. (Dkt. 1); Suppl. Pleading (Dkt. 33).

3. On September 3, 2025, the Surface Transportation Board granted Metra "terminal trackage rights" over the same Union Pacific lines at issue here—a federal statutory entitlement to use the lines without Union Pacific's consent. The STB also called for negotiation and, if necessary, further agency proceedings to set the terms and compensation for Metra's exercise of its new trackage rights. Even so, it made those rights effectively immediately upon issuance, *i.e.*, as of September 3. *See* Compl. ¶¶ 18, 61–63. Union Pacific challenged the STB order in the Eighth Circuit.

4. In October 2025, Metra moved to dismiss or stay this case, arguing that Union Pacific's state-law claims constitute an improper collateral attack on the STB order, in violation of the Hobbs Act, because the agency had supposedly "seized jurisdiction as to what amount of compensation Metra is to pay" Union Pacific, *retroactive to* July 1, 2025. *See* Dkt. 35 at 2, 12. Metra thus asserted that Union Pacific's claims seeking full compensation as of July 1 clashed with the agency proceedings. Union Pacific opposed, explaining that no conflict exists. *See* Dkt. 37.

5. The parties agreed in a November 2025 joint status report "that discovery should not proceed until the motion to dismiss is resolved." Dkt. 38 at 3. The Court so ordered, "stay[ing] discovery until resolution of the pending motion to dismiss or in the alternative to stay proceedings." Dkt. 39 at 1.

6. On August 31, 2026, the Eighth Circuit vacated the STB's trackage-rights order. The court upheld the STB's reasoning for giving Metra trackage rights, but it found that the agency erred by promising to fix compensation "retroactive[ly]" at some future time instead of setting compensation *before* the rights took effect. 2026 WL 2564829, at *7. By statute, the agency must

"ensure that the compensation is paid or adequately secured" before "a grantee rail carrier exercises its terminal trackage rights," including by setting necessary access conditions. *Id.* at *8–9 (emphasis added).

7. The Eighth Circuit decreed that the STB's order "is to be vacated, and this case is to be remanded to the [STB] for proceedings consistent with this opinion," with a delayed effective date: "To give the parties time to set compensation, this order will take effect 180 days after its filing." *See id.* at *9. The vacatur is not partial or conditional; the entire STB order "is to be vacated" on the 180th day (February 27, 2026).

8. The Eighth Circuit's decision defeats Metra's arguments to dismiss or stay this case. As Union Pacific explained, there is no Hobbs Act problem here to begin with. *See* Dkt. 37 at 6–13. Regardless, Metra's arguments now fail on their own terms: Once the Eighth Circuit's decision takes effect, it will erase the STB order on which those arguments depend. "[W]hen an order is vacated, it is as though it had never existed," *Austin Bldg. & Design, Inc. v. Nelson Eng'g Constr., Inc.*, No. 8:21-cv-471, 2023 WL 4399988, at *7 (D. Neb. Mar. 3, 2023) (collecting authorities), so a vacated order is "deprived of all conclusive effect" in other proceedings, *see Evans v. City of Chicago*, No. 04-c-3570, 2006 WL 463041, at *15 (N.D. Ill. Jan. 6, 2006), *aff'd*, 445 F.3d 953 (7th Cir. 2006). In other words, after "a Hobbs Act court's decision that invalidates" agency action on its face, there is "nothing left" of that action. *See Gorss Motels, Inc. v. FCC*, 20 F.4th 87, 95, 98 (2d Cir. 2021) (emphasis omitted).

9. It is no answer that the Eighth Circuit's decision contemplates further agency proceedings to address compensation before the agency can enter a new trackage-rights order. *See* 2026 WL 2564829, at *9. The Hobbs Act bars only collateral attacks on "final" STB actions, *see*

28 U.S.C. § 2342; Dkt. 35 at 9—it does not oust courts of jurisdiction based on *pending* agency proceedings.

10. Nor is a stay justified to wait out further STB proceedings (and any appeals from them). Metra's motion says a stay is warranted because, under "the STB Order … either the parties [will] agree to compensation, or the STB will set it, retroactive to July 1." Dkt. 35 at 14. But that order will now be vacated—including the passing aside about retroactive compensation that Metra's arguments hinge on. And a future STB order cannot and will not assert the power to set compensation retroactively to July 1. There was already substantial reason to doubt the Board would claim such power, Dkt. 37 at 9–10, and the Eighth Circuit's decision now makes clear that the STB must address compensation *prospectively*, "before" trackage rights take effect: The agency's "pledge[]" to "set appropriate terms under condemnation principles with retroactive effect … was improper." 2026 WL 2564829, at *7–8. Since the STB must address compensation before the effective date of a trackage-rights order, *see id.*, it certainly cannot go back further in time to override a private contractual arrangement that governed before the agency took any action at all.

11. At bottom: This case has never conflicted with the STB's trackage-rights order. But in any event, that order will now be vacated, so it provides no basis to dismiss or stay Union Pacific's state-law breach-of-contract claims.

12. In turn, a stay of discovery is no longer warranted. The stay was initially entered at the parties' joint request because the case was in a different posture: Metra's motion to dismiss or stay turned on an agency order whose validity was being litigated in the Eighth Circuit. That is no longer true. Since the Eighth Circuit's decision now defeats or moots Metra's motion, staying discovery to allow the motion's resolution simply delays this case for no good reason. The case

has already been pending for a year; it should not stay in limbo any longer. Staying discovery requires "good cause," and "the existence of a dispositive motion" is not, without more, good cause. *See Thornley v. Illinois*, No. 21 C 1922, 2023 WL 12251883, at *1 (N.D. Ill. June 8, 2023) (citing cases). Considering "the nature of the issue presented" in Metra's motion and its "likelihood of success," *see id.* at *2, good cause for a stay does not exist here.

13. If the Court lifts the stay and denies Metra's motion to dismiss, Union Pacific intends to file an amended or supplemental pleading to reflect the current factual situation.

14. Metra's counsel reports that Metra does not believe there is any basis to modify the discovery stay to which the parties earlier agreed.

15. Union Pacific does not intend to file a separate response to Metra's notice regarding the Eighth Circuit decision. *See* Dkt. 55; Dkt. 56.

For these reasons, the Court should lift the stay of discovery it previously ordered, *see* Dkt. 39 at 1. It should also deny Metra's motion as moot or meritless.

September 4, 2026

Respectfully submitted,

*/s/ Tobias S. Loss-Eaton*
Bruce R. Braun
Charles K. Schafer
Andrew F. Rodheim
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, Illinois 60603
312-853-7000
bbraun@sidley.com
cschafer@sidley.com
arodheim@sidley.com

Raymond A. Atkins (*pro hac vice*)
Tobias S. Loss-Eaton (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
202-736-8000
ratkins@sidley.com
tlosseaton@sidley.com

*Counsel for Plaintiff*
*Union Pacific Railroad Company*