**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| Union Pacific Railroad Company,<br><br>Plaintiff,<br><br>v.<br><br>Commuter Rail Division of the Northern Illinois Transit Authority, d/b/a Metra<br><br>Defendant. | C.A. No. 25-cv-10785 |

# METRA'S OPPOSITION TO UNION PACIFIC'S MOTION TO LIFT THE STAY OF DISCOVERY

The Court should deny Union Pacific (UP)'s Motion to Lift the Stay of Discovery, because the Eighth Circuit's opinion provides no basis for this Court to exercise jurisdiction over the compensation due for Metra's use of the UP Lines. That question already is before the Surface Transportation Board (STB), which currently is engaged in establishing final conditions of use and compensation for the trackage rights awarded to Metra on September 3, 2025.

UP's motion is incorrect in several key respects: *First*, the Eighth Circuit rejected UP's primary challenges to the STB decision. The trackage rights granted remain in effect—they are not "vacated" at this time—and the Eighth Circuit's opinion makes clear that Metra will enjoy ongoing, durable trackage rights on the UP Lines.

*Second*, the sole issue on which the Eighth Circuit agreed with UP was that the STB did not meet the statutory mandate that "compensation shall be paid or adequately secured before" Metra can exercise the trackage rights granted. Dkt. 55-1 at 15. Rather than vacate the STB's decision right away—the usual remedy—the Eighth Circuit expressly delayed the effective date by 180 days to allow the STB "time to set compensation" (or adequate security), without the disruptive consequences resulting from an immediate vacatur. *Id.* at 17. UP's conclusory

statement that "a future STB order cannot and will not assert the power to set compensation retroactive to July 1 [2025]" (Mot. ¶ 10) finds no support in the Eighth Circuit's opinion.

*Third*, because the status quo is the same as when this Court entered the stay of discovery (Dkt. 39), there is no basis to lift that stay to which UP earlier agreed. The only result would be an unnecessary tax on judicial and party resources and duplication of the discovery already taking place in the STB proceeding.

1. On September 3, 2025, the STB granted Metra a statutory right to continue its ongoing use of the UP Lines under 49 U.S.C. § 11102(a). Dkt. 35-1. The STB ordered the parties to negotiate compensation and other issues, and stated that if it must set compensation, "UP will be reimbursed retroactively (from July 1, 2025)," when the parties' prior contract expired, "if the interim amount paid by Metra is less than the final amount set." *Id.* at 32. Within days, UP asked this Court to award a non-negotiated compensation amount for July 1 through September 3, 2025, notwithstanding the STB's stated course of action. *See* Dkt. 1. Metra moved to dismiss UP's collateral attack on the STB decision, or, alternatively, stay pending the STB proceeding. Dkt. 34.

2. In their Joint Initial Status Report, UP and Metra agreed that the Court should order a stay of discovery pending resolution of Metra's motion. Dkt. 38 at 3-4. The Court stayed discovery in accordance with the parties' agreement. Dkt. 39. Metra's motion remains pending.

3. The STB proceeding continued apace. On May 22, 2026, Metra and UP jointly informed the STB that they had reached an impasse and would require the STB to set compensation and conditions of use. *See* Dkt. 47-1. The STB has commenced that work; the parties have exchanged substantial discovery, propounding dozens of requests focused on compensation issues; and the parties' submissions to the agency will be completed by December 17, 2026. Dkt. 53-1. By statute, the STB must enter a final order within 180 days of when the proceeding began—here, by February 15, 2027. *See* 49 U.S.C. § 11102(d).

4. UP petitioned for review of the STB's September 3, 2025 decision in the Eighth Circuit. On August 31, 2026, that court granted UP's petition in part and denied it in part. Dkt. 55-1. The Eighth Circuit rejected UP's principal challenges to the STB order: the court affirmed the STB's grant of terminal trackage rights, upholding its determination that this relief is in the public interest (*id.* at 5-8) and should extend the entire length of the UP Lines (*id.* at 8-13).

5. The Eighth Circuit's opinion recognized the full scope of the STB decision: "The Board … 'pledge[d]' that, if parties failed to reach such an agreement, it would impose terms of compensation and conditions that would apply retroactively to July 1, 2025." Dkt. 55-1 at 4.

6. The Eighth Circuit agreed with UP on one issue. The statute states that compensation must be "paid or adequately secured" before use begins (49 U.S.C. § 11102(a)), and the court held that the STB's "pledge" to set compensation if needed did not constitute "adequate security." Dkt. 55-1 at 13-17. The Eighth Circuit ordered the STB order to be vacated, but it delayed the effective date of that vacatur by 180 days, until February 27, 2027, "[t]o give the parties time to set compensation." Dkt. 55-1 at 17. That is, rather than immediately order vacatur, the Eighth Circuit delayed the effective date of its order to provide the STB (a party to the appeal) time to set compensation, avoiding disruption to Metra's use of the UP Lines.[1]

7. Judge Kelly, in concurrence, explained one straightforward solution that would be available on remand. The STB order "'expect[ed] Metra to continue to compensate UP for its use of the UP Lines.'" Dkt. 55-1 at 17. This approach was insufficient because it was an expectation,

[1] UP's representation that the Eighth Circuit determined that § 11102(a) required the STB to "set[] necessary access conditions" (Mot. ¶ 6) before allowing trackage rights usage contradicts the opinion. The Eighth Circuit expressly stated that "to the extent the Board must set conditions to ensure that the compensation is paid or adequately secured, it must do so. But § 11102(a) does not require the Board to set other conditions before Metra begins exercising its terminal trackage rights." Dkt. 55-1 at 16-17.

not a command. "Had the Board ordered Metra to continue paying UP pursuant to the terms of that agreement, that order would have satisfied the statute." *Id*.

8. UP's argument rests on the incorrect premise that, because of the Eighth Circuit's opinion, Metra either lacks trackage rights or the STB will not set compensation for the period from July 1, 2025 to September 3, 2025, and into the future. But no aspect of the Eighth Circuit's opinion supports either conclusion.

9. UP argues that the Eighth Circuit's decision moots Metra's motion to dismiss because, "*once the Eighth Circuit's decision takes effect*," there will be no STB order for UP to collaterally attack. Mot. ¶¶ 8-9 (emphasis added). As this phrasing admits, there is presently a final STB order to collaterally attack, which UP has done. Dkt. 35 at 7-13; Dkt. 40 at 3-13. The Eighth Circuit delayed its vacatur of the STB's September 3, 2025 order for six months to preserve its effectiveness while the STB sets compensation. UP states that "*when* an order is vacated, it is as though it never existed" (Mot. ¶ 8 (emphasis added)), but that elides the dispositive fact that the STB's order *has not been vacated.* It still exists, and intentionally so. UP's authority (Mot. ¶ 8) addresses court or agency decisions that already have been vacated, which has not occurred here.

10. This distinction is not some mere technicality. The Eighth Circuit took the unusual step of delaying the effectiveness of its order for a reason: "To give the parties time to set compensation" *before* any vacatur. Dkt. 55-1, at 17. The court then cited (*id.*) 49 U.S.C. § 11102(d), which provides that "[t]he Board shall complete any proceeding under subsection (a) or (b) within 180 days after the filing of the request for relief." The court thus provided time for the STB to act to address the deficiency in its September 3, 2025 order while preserving Metra's trackage rights. Once "compensation" is "set," there is no other obstacle to the STB's grant of

trackage rights—the Eighth Circuit categorically rejected UP's other arguments on appeal. The court's approach cements the durable statutory usage right the STB awarded Metra.

11. UP is mistaken to contend (Mot. ¶ 10) that, after the Eighth Circuit's opinion, the STB no longer will set compensation from July 1, 2025 onward. As the Eighth Circuit's opinion recognizes (Dkt. 55-1 at 4), the STB said it will do just that. Nothing in the Eighth Circuit's opinion changes that outcome, let alone, as UP insinuates, labels it "improper." Mot. ¶ 10.

12. To the extent the effective date of Metra's STB-ordered compensation remains in contention—and Metra maintains it is not reasonably in dispute—UP may contest that point before the STB, which UP has informed this Court it plans to do. *See* Dkt. 37 at 9-11.

13. This Court should not lift the stay of discovery. The Eighth Circuit decision does not alter the facts that (1) UP agreed to stay discovery until the Court has resolved Metra's motion, (2) this Court stayed discovery accordingly, and (3) Metra's motion remains pending.

14. Additional "good cause" supports retaining the discovery stay. *Thornley v. Illinois,* 2023 WL 12251883, at *1 (N.D. Ill. June 8, 2023). The stay will continue to "simplify the issues in the case" and "reduce the burden of litigation for the parties [and] the court." *Id.* Not only has Metra raised "a potentially dispositive threshold issue" of this Court's jurisdiction but the parties are litigating overlapping issues before the STB, and duplicative discovery here would be "extensive, voluminous, and expensive to produce," wasting party and judicial resources. *Id*. at *2. UP and Metra *currently* are engaged in discovery before the STB; UP accordingly is receiving discovery about the compensation question—just in the STB forum. UP has not identified any information it would receive here that it will not obtain in the STB case.

15. Nor has UP identified any prejudice from retaining the stay. *Thornley*, 2023 WL 12251883, at *1. UP complains that the case has been "in limbo" for "a year" (Mot. ¶ 12), but "[t]he general prejudice of having to wait for resolution is … not a persuasive reason to [lift a]

stay." *Surchi1, LLC v. Travelers Indem. Co. of Conn.*, 2024 WL 5432082, at *1 (N.D. Ill. Feb. 13, 2024). Discovery is also unnecessary to resolve Metra's motion (*id.*), and UP has not suggested any risk of lost discovery (*id.*) or other irreparable harm (*id.*).

The Court should deny UP's motion to lift the stay of discovery. It also should, in due course, grant Metra's motion to dismiss or stay the case.

Dated: September 11, 2026

Respectfully submitted,

/s/ *Paul W. Hughes*

Matthew Madden
McDermott Will & Schulte LLP
444 West Lake Street
Chicago, IL 60606-0029
(312) 984-3273
mmadden@mcdermottlaw.com

Paul W. Hughes (*pro hac vice*)
Mary H. Schnoor (*pro hac vice*)
Emmett Witkovsky-Eldred (*pro hac vice*)
McDermott Will & Schulte LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
phughes@mcdermottlaw.com